UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTY BERGUM,

    Plaintiff,

v.

SACRAMENTO COUNTY DHHS
CHILD PROTECTIVE SERVICES;
SUPERIOR COURT OF THE STATE OF
CALIFORNIA; PARENT ADVOCATES
OF SACRAMENTO,

    Defendants.

No. 2:19-cv-58-TLN-EFB PS

ORDER

    Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

    Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Here, plaintiff's complaint fails to state a claim upon with relief may be granted. Although the complaint's allegations span only six pages, they are unfocused and poorly developed, making it difficult to discern the factual and legal basis for her claim(s). Plaintiff begins by alleging that social workers visited her while she was in the hospital. ECF No. 1 at 3. She claims that she was forced to sign some paperwork while medicated and that social workers somehow unlawfully questioned her eldest daughter outside her presence. *Id*. Plaintiff next alleges that her daughter was removed from her care and placed in foster care in Sacramento, despite plaintiff living in Yuba County. She also complains that the Sacramento Superior Court refused to transfer the child custody case to the Yuba County Superior Court. *Id*. at 3. On the

following page, plaintiff discusses her difficulty finding housing, one of her daughters being hospitalized due to emotional issues, and social workers' refusal to arrange transportation for plaintiff to visit her son in juvenile hall. *Id*. at 4. Elsewhere, she claims that social workers refused to scheduled visitations with her children at appropriate times and would not provide transportation for these visits. *Id*. at 5-6. She also describes how social workers hindered her ability to obtain a Section 8 voucher, which has caused plaintiff financial difficulties. *Id*. at 7-8.

It is not clear from plaintiff's allegation what claim she is attempting to assert. The complaint does not identify any specific cause of action, nor does it identify the specific statute defendant purportedly violated, leaving the court the guess as to her intended claim(s). Plaintiff might be attempting to allege a claim under 42 U.S.C. § 1983 for violation of her Fourteenth Amendment right to familial association. If so, she has yet to state such a claim. The right to familial associations has both a procedural and substantive component. *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). "While the right is a fundamental liberty interest, official may interfere with the right if they provide the parents with fundamentally fair procedures." *Id*. (citations and quotations omitted). The right to familial association is violated where "a state official removes children from their parents without their consent, and without a court order, unless information at the time of the seizure, after reasonable investigation, establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably necessary to avert the specific injury at issue." *Id*. at 1237-38.

Plaintiff's allegations do not demonstrate that any of her children were improperly removed from her custody. Furthermore, as to any claim against the county, she does not allege that any of the social worker's alleged conduct was performed pursuant to a policy or custom. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (a municipal entity or its departments is liable under section 1983 only if a plaintiff shows that her constitutional injury was caused by employees acting pursuant to the municipality's policy or custom). Consequently, plaintiff fails to state a § 1983 claim against defendants.

/////

3

Accordingly, plaintiff's complaint must be dismissed with leave to amend.[2] Plaintiff is granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

---

[2] Plaintiff has also filed requests for the court to hold an emergency hearing, arguing that defendants "are trying to adopt my children out." ECF Nos. 4 & 5. Because plaintiff's complaint must be dismissed for failure to state a claim, there is no basis for hold such a hearing. Furthermore, as a general principle, this court lacks jurisdiction over matters involving adoption pursuant to the domestic relations exception to federal jurisdiction, which "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (courts "traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife."). Rather, challenges under state law to rulings by the county superior court must be directed to the California District Court of Appeals.

1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

4. Plaintiff's requests for an emergency hearing (ECF Nos. 4 & 5) are denied.

DATED: February 19, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE