UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTY BERGUM,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY DHHS CHILD PROTECTIVE SERVICES; SUPERIOR COURT OF THE STATE OF CALIFORNIA; PARENT ADVOCATES OF SACRAMENTO,<br><br>    Defendants. | No. 2:19-cv-58-TLN-EFB PS<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

The court previously dismissed plaintiff's original complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 6.[1] Plaintiff was granted leave to file an amended complaint, and she has since filed a first amended complaint. As discussed below, the first amended complaint fails to state a claim, and it too must be dismissed.

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1   (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's
2   obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
3   conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual
4   allegations must be enough to raise a right to relief above the speculative level on the assumption
5   that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate
6   based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to
7   support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
8   1990).

9   Under this standard, the court must accept as true the allegations of the complaint in
10  question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
11  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
12  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading
13  requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a
14  complaint to include "a short and plain statement of the claim showing that the pleader is entitled
15  to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
16  which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

17  Again, in her first amended complaint, plaintiff fails to present a short and plain statement
18  of her claim as required by the Federal Rules of Civil Procedure.  Like her earlier compliant, the
19  amended complaint consists of disjointed and poorly developed allegations, making it difficult to
20  discern the factual basis of her claims.  *See generally* ECF No. 7.  For example, plaintiff begins
21  by describing efforts she made to attend visits with her youngest daughter.  *Id*. at 3.  She claims
22  that she had to travel by Greyhound bus, taxi, and Uber from her home in Yuba City, California,
23  although she does not state where the visits were held.  *Id*.  She then claims her child custody case
24  should be transferred to a different district to allow her to spend 22 hours a week with her child.
25  That allegation is followed by a description of how plaintiff used to care for her child, including
26  bathing and feeding the child.  *Id*.

27  Plaintiff also alleges that she signed a document to release her oldest daughter's medical
28  records.  *Id*. at 4.  She claims that the state court judge notified her that a hearing would be held

after the medical release was submitted, but the court never contacted plaintiff. *Id*. Plaintiff then alleges that a social worker violated the judge's order by contacting her oldest daughter, who was living at "Aurora clinic." *Id*. at 4. Plaintiff further alleges that her children's foster parents are not ensuring that her children are appropriately supervised and receiving proper medical care. *Id*. at 4-5. Near the end of her complaint, she alleges that she was forced to sign paperwork while in the hospital and on medication, and that social workers illegally questioned her oldest daughter outside plaintiff's presence. *Id*. at 7. Based on these various allegations, the amended complaint purports to allege claims for breach of contract, breach of the implied duty of good faith and fair dealing, fraud, "tortious interference with parental rights," and "Breach of lawful duties & Due process." *Id*. at 3-5, 7.

The only federal claim plaintiff appears to allege is for violation of her Fourteenth Amendment right to familial association under 42 U.S.C. § 1983. The right to familial associations has both a procedural and substantive component. *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). "While the right is a fundamental liberty interest, official may interfere with the right if they provide the parents with fundamentally fair procedures." *Id*. (citations and quotations omitted). The right to familial association is violated where "a state official removes children from their parents without their consent, and without a court order, unless information at the time of the seizure, after reasonable investigation, establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably necessary to avert the specific injury at issue." *Id*. at 1237-38.

Plaintiff's allegations are insufficient to state a deprivation of familial associations claim against defendant Sacramento County DHSS ("DHSS"). Significantly, she does not allege DHSS's social workers removed her children without a court order, nor does she present any facts demonstrating that the children's removal was otherwise improper. Furthermore, plaintiff does not allege that any of the social worker's alleged conducted was performed pursuant to a policy or custom. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (a municipal entity or its departments is liable under section 1983 only if a plaintiff shows that her

/////

3

constitutional injury was caused by employees acting pursuant to the municipality's policy or custom). Consequently, plaintiff fails to state a § 1983 claim against Sacramento County DHSS.

The amended complaint's caption page also identifies the California Superior Court and Parents Advocates of Sacramento as defendants. But plaintiff does not advance any allegations against these defendants. Moreover, any § 1983 claim against the California Superior Court is barred by the Eleventh Amendment. *See Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff cannot state a claim against Sacramento County Superior Court because it is an arm of the state and thus barred by the Eleventh Amendment); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (claim against South Orange County Municipal Court barred by Eleventh Amendment because it is "arm of the state"). Accordingly, to the extent plaintiff intended to assert a claim against these defendants, it must be dismissed.

Plaintiff's remaining claims all appear to be for violation of state law. But plaintiff fails to properly plead a federal cause of action that would permit supplemental jurisdiction over his state law claims. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Plaintiff also fails to establish diversity jurisdiction over his state law claims. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000). Instead, the complaint indicates that plaintiff alleges resides in Yuba City, California, suggesting her citizenship is the same as defendants. *See Moor v. Alameda County*, 411 U.S. 693, 718 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States.").

Accordingly, the first amended complaint must be dismissed for lack of subject matter jurisdiction. The dismissal should be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile); *California*

*Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). Plaintiff's original complaint was filled with the same vague and disjointed allegations that plague her amended complaint. Given that plaintiff's recent complaint failed to cure the deficiencies identified in the court's order dismissing the original complaint, granting further leave to amend would be futile.

Accordingly, it is hereby RECOMMENDED that plaintiff's first amended complaint be dismissed without leave to amend for failure to state a claim, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE